UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KRYGOSKI CONSTRUCTION
COMPANY,

       Plaintiff,

v.

FLANDERS INDUSTRIES, INC., d/b/a
LLOYD/FLANDERS INDUSTRIES, INC.,

       Defendant.
                                                /

File No.  2:08-CV-202

HON. ROBERT HOLMES BELL

## **O P I N I O N**

Plaintiff Krygoski Construction Company ("Krygoski") filed this action against Defendant Flanders Industries, Inc. ("Flanders"), seeking damages for environmental contamination of Plaintiff's property.  Defendant has moved for dismissal pursuant to Rule 12(b)(6) on the basis that all of Plaintiff's claims against it are barred by the applicable statutes of limitations.  (Dkt. No. 3, Mot. To Dismiss.)   Plaintiff opposes the motion.  (Dkt. No.  6, Pl.'s Resp.)  For the reasons that follow Defendant's motion will be granted.

**I.**

Plaintiff Krygoski owns property in Menominee, Michigan, adjacent to property owned by Defendant Flanders.  On July 29, 2008, Plaintiff filed its complaint in the Circuit Court for the County of Menominee, State of Michigan, alleging that its property is contaminated and that the contamination is likely caused by contaminants from Defendant's

property by direct historical dumping and/or by migration of contaminants through groundwater flow, wave action, overland flow, or wind action. Plaintiff's complaint asserts three state law counts against Defendant: (1) trespass and continuing trespass; (2) nuisance and anticipatory nuisance; and (3) strict liability and negligence. Defendant removed the action to federal court on the basis of diversity of citizenship. (Dkt. No. 1, Notice of Removal.)

## II.

"Like other Rule 12(b)(6) motions to dismiss, a motion to dismiss on statute of limitations grounds should be granted 'when the statement of the claim affirmatively shows that the plaintiff can prove no set of facts that would entitle him to relief.'" *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) (quoting *Ott v. Midland-Ross Corp.*, 523 F.2d 1367, 1369 (6th Cir. 1975)). In considering whether to grant a 12(b)(6) motion to dismiss "a district court must accept as true all the allegations contained in the complaint and construe the complaint liberally in favor of the plaintiff." *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006). "A district court need not, however, accept as true legal conclusions or unwarranted factual inferences." *Id.* "[A] written instrument attached as an exhibit to a pleading is considered a part of the pleading . . . ." *Benzon v. Morgan Stanley Distrib., Inc.*, 420 F.3d 598, 603 (6th Cir. 2005) (citing Fed. R. Civ. P. 10(c)). Accordingly, the Court may properly consider exhibits

attached to the complaint in determining whether the complaint fails to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion. *Id.*

### III.

In diversity cases the court follows the law of the state in which it sits with respect to the statute of limitations. *Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99 (1945); *Atkins v. Schmutz Mfg. Co.* 372 F.2d 762, 764 (6th Cir. 1967). Because Plaintiff has alleged state law claims, the applicable Michigan statute of limitations must be applied.

Plaintiff's trespass, nuisance, and strict liability claims are subject to Michigan's three-year statute of limitations for actions to recover damages for injury to property. Mich. Comp. Laws § 600.5805(10); *Sable v. Gen. Motors Corp.*, 90 F.3d 171, 176 (6th Cir. 1996) (applying Michigan's three-year limitation period to a trespass claim based on environmental contamination), *abrogated on other grounds by City of Warren v. City of Detroit*, 495 F.3d 282, 288 (6th Cir. 2007); *Ostroth v. Warren Regency, GP, LLC*, 709 N.W.2d 589, 592 (Mich. 2006) (noting that Michigan's three-year statute of limitations applies to general negligence actions); *Midwest Aluminum Mfg. Co. v. Gen. Elec. Co.*, No. 4:90-CV-143, 1993 WL 725569 at *6 (W.D. Mich. Feb. 5, 1993) (applying Michigan's three-year statute of limitations to a strict liability claim based on environmental contamination).

The period of limitations runs from the time the claim accrues. Mich. Comp. Laws § 600.5827. Unless otherwise provided in Mich. Comp. Laws §§ 5829 to 5838, "the claim accrues at the time the wrong upon which the claim is based was done regardless of the time

when damage results." *Id.* Plaintiff has not asserted that its claim falls within any of the statutory accrual provisions in sections 5829 to 5838. Accordingly, for purposes of this motion, Plaintiff's claims accrued when the wrong was done.

Under Michigan law, "where a wrong is of a continuing nature, a plaintiff may recover damages resulting from that harm which occurred within the limitations period." *Village of Milford v. K-H Holding Corp.*, 390 F.3d 926, 933 (6th Cir. 2004) (citing *Horvath v. Delida*, 540 N.W.2d 760, 763 (Mich. App. 1995)). However, continuing harmful effects do not toll, extend, or give rise to a new statute of limitations. "A continuing wrong is established by continuing tortious acts, not by continual harmful effects from an original, completed act." *Id.* (quoting *Horvath*, 540 N.W.2d at 763). "Even if further migration occurred, it was not a new act of trespass." *Id. See also Sable,* 90 F.3d at 176 ("Since there were no continuing tortious acts within three years from the date plaintiff filed the cause of action, only continual harmful effects, plaintiff's reliance on the continuing-wrongful-acts doctrine is misplaced."); *Horvath*, 540 N.W.2d at 762 ("The seepage of more water without further acts by the defendant does not constitute an additional tort.").

Plaintiff alleges in its complaint that Defendant's toxic waste has contaminated Plaintiff's property as a result of historical dumping of wastes on Plaintiff's property and by the migration of contaminants from Defendant's property onto Plaintiff's. In support of this allegation Plaintiff's complaint references a Phase II Environmental Site Assessment Report ("Phase II ESA") which is attached to the complaint as Exhibit A. For background on the

historic manufacturing processes and activities on the Flanders property the Phase II ESA relies on the 1992 Administrative Order issued by the Michigan Department of Natural Resources ("MDNR") to Defendant Flanders. The Phase II ESA describes the processes and activities to include the discharge of rinse waters from the metal treatment processes into a ditch, the generation of large quantities of paint sludge, and the disposal of waste on the Green Bay shoreline. The Phase II ESA summarizes the time frame regarding the discharges as follows:

> The Flanders property was sold in December of 1982. The new owners continued the processes and activities used by the former owners, including the generation of paint sludge from spray painting booths. These processes reportedly continued until the late 1980's.

(Compl. Ex. A.) The Phase II ESA does not make any other references to any discharges of waste by Defendant. (*Id.*)

Defendant contends that, based upon the facts alleged in Plaintiff's complaint, Plaintiff's causes of action accrued in the late 1980s or, at the latest, in 1992 when the MDNR issued its Administrative Order. The fact that there may be continuing harmful effects does not extend the limitations period in the absence of continuing wrongful acts. *Horvath*, 540 N.W.2d at 763. Defendant contends that because there is no allegation or even any suggestion that it did anything wrong after 1992, Plaintiff's claims accrued, at the latest, by 1992, and accordingly must be dismissed because they arose more than three years ago and are now time barred.

Plaintiff notes that under Michigan law, "[t]he wrong is done when the plaintiff is harmed rather than when the defendant acted." *Trentadue v. Buckler Lawn Sprinkler*, 738 N.W.2d 664, 670 (Mich. 2007) (quoting *Boyle v. Gen. Motors Corp.*, 661 N.W.2d 557, 560 n.5 (Mich. 2003)). Plaintiff contends that it was not harmed until 2006 or 2007 when it received the Environmental Site Assessments which disclosed that the contamination of Plaintiff's property was likely caused by Defendant.

Plaintiff's contention is in effect an argument for application of the discovery rule. In *Village of Milford* the Sixth Circuit assumed that the Michigan Supreme Court would apply the discovery rule to groundwater pollution cases. 390 F.3d at 932. The Michigan Supreme Court subsequently held that, in light of the state's comprehensive statutory scheme of limitations, courts may not employ an extrastatutory discovery rule to toll accrual in avoidance of the plain language of Mich. Comp. Laws § 600.5827. *Trentadue*, 738 N.W.2d at 672. Even if Michigan would not apply the discovery rule, Plaintiff contends that the CERCLA discovery rule preempts Michigan's limitations period for claims involving property damage caused by hazardous substance contamination. 42 U.S.C. § 9658(a)(1).[1]

---

[1] Under the federal Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), the statute of limitations commences on the date the plaintiff knew or should have known that the property damage was caused by the contaminant concerned. 42 U.S.C. § 9658(b)(4)(A). CERCLA further provides:

> In the case of any action brought under State law for personal injury, or property damages, which are caused or contributed to by exposure to any hazardous substance, or pollutant or contaminant, released into the environment from a facility, if the applicable limitations period for such action
> (continued...)

Assuming application of the discovery rule, Defendant nevertheless contends that there is no dispute that Plaintiff knew or should have known of a possible claim no later than 2000 when, according to the Phase II ESA attached to Plaintiff's complaint, Defendant was required to post signs providing notice to the neighboring landowners (including Krygoski) of the contamination. (Compl. Ex. A at 2.)[2] As noted in *Village of Milford*, "the discovery rule does not permit a party to await certainty." 390 F.3d at 932. Even under the discovery rule the limitations period begins to run when the plaintiff "knew (or should have known) of its potential cause of action." *Id.*

Plaintiff contends that even if its action is otherwise barred by the statute of limitations, it would nevertheless be entitled to additional time if the Defendant fraudulently concealed the existence of the claim. Mich. Comp. Laws § 600.5855.[3] Because neither the

---

[1](...continued)
(as specified in the State statute of limitations or under common law) provides a commencement date which is earlier than the federally required commencement date, such period shall commence at the federally required commencement date in lieu of the date specified in such State statute.

42 U.S.C. § 9658(a)(1).

[2]Defendant has attached to its reply brief a series of access agreements allegedly signed by Plaintiff indicating that Plaintiff was on notice of the Administrative Order requiring Defendant to perform a remedial investigation to determine the nature of the contamination. (Dkt. No. 7, Def.'s Reply Br. Ex. A.) Because this evidence was first presented in Defendant's reply brief, the Court declines to consider these matters that are outside the pleadings. *See* Fed. R. Civ. P. 12(d).

[3]Under section 5855, if a person who may be liable for a claim fraudulently conceals the existence of the claim, the action may be commenced within two years after the person
(continued...)

Phase II ESA nor the Complaint excludes any particular date as being the date on which the contamination was caused, because all facts are not known about the contamination, and because the complaint must be read in the light most favorable to Plaintiff, Plaintiff contends there is an issue of fact as to whether the contamination was caused by Defendant's past tortious acts, continuing tortious acts, and/or acts of fraudulent concealment.

Plaintiff's suggestion that discovery might disclose evidence of continuing tortious acts or fraudulent concealment is not sufficient to save Plaintiff's case. In *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516 (6th Cir. 2008), the Sixth Circuit addressed a similar situation where the face of the complaint made it appear that the statute limitations had run. The Court held:

> Under these circumstances, it is not enough for plaintiffs to argue that the complaint, because it is silent as to when they first acquired actual knowledge, must be read in the light most favorable to them and construed as not precluding the possibility that they will be able to prove facts establishing their entitlement to relief. The obligation to plead facts in avoidance of the statute of limitations defense is triggered by the fact that "it is apparent from the face of the complaint that the time limit for bringing the claim[s] has passed." *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 744 (6th Cir. 1992). "The Sixth Circuit has adopted the view, at least in cases where the face of the complaint discloses a failure to file within the time allowed, that the plaintiff may come forward with allegations explaining why the statute of limitations should be tolled." *Id*. When it affirmatively appears from the face of the complaint that the time for bringing the claim has passed, the plaintiff cannot "escape the statute by saying nothing." *Id*. at 745. *See also LRL Properties v. Portage Metro Housing Auth*., 55 F.3d 1097, 1107 (6th Cir. 1995).

---

[3](...continued)
who is entitled to bring the action discovers, or should have discovered, the existence of the claim. Mich. Comp. Laws § 600.5855.

> A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007)]. The allegations must be enough to "raise a right to relief above the speculative level" and state a claim that is "plausible on its face." *Id*. at 1965, 1974. Where, as here, defendants have highlighted the apparent untimeliness of the complaint, plaintiffs may not simply rely on the bare assertion that they were unaware of the facts underlying their cause of action. *LRL Properties*, 55 F.3d at 1107; *Hoover*, 958 F.2d at 744.

*Bishop*, 520 F.3d at 520.

Plaintiff's complaint, like the complaint in *Bishop*, contains allegations which, on their face, give rise to the reasonable inference that Plaintiff had been wronged, or that Plaintiff knew or should have known that it had been wronged, by 2000. Under these circumstances, the complaint's silence as to the date Plaintiff was harmed or the date Plaintiff knew or should have known of the existence of its claim, is not sufficient to defeat Defendant's motion to dismiss. Because it affirmatively appears from the face of the complaint that the time for bringing the claim has passed, the plaintiff cannot escape the statute by saying nothing. *Id.* Plaintiff's speculation that during the course of discovery it might find evidence to bring its claim within the limitations period is insufficient to defeat Defendant's motion to dismiss. Accordingly, the Court will grant Defendant's motion to dismiss and enter an order dismissing Plaintiff's complaint.

An order consistent with this opinion will be entered.


Dated: March 17, 2009                         /s/ Robert Holmes Bell
                                              ROBERT HOLMES BELL
                                              UNITED STATES DISTRICT JUDGE